MARTÍNEZ, PETITIONER, v. CAMPILLO, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of San Juan in an Action of Unlawful Detainer on Appeal.

No. 275.—Decided April 12, 1920.

APPEAL—NOTICE TO APPELLANT—DOCKETING APPEAL.—In accordance with Act No. 93 of 1919, before an appellant is bound to ask that the case be included in the calendar he must first be notified by the clerk that it was placed on the docket, and the rule is not changed by the fact that the transcript was delivered by the appellant himself and not forwarded by the clerk of the trial court.

The facts are stated in the opinion.

*Mr. M. Rodríguez Serra* for the petitioner.

The respondent did not appear.

*Mr. J. Martínez Dávila* for the defendant and intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

The writer of this opinion, although he dissented from the opinion of this court of March 11, 1919, whereby it was held that a certain bill of the Legislature became a law without the approval of the Governor, nevertheless feels momentarily bound by the said decision. One of the laws that was promulgated by the Secretary of Porto Rico following said decision was Act No. 93 to amend an act to regulate appeals from judgments of municipal courts in civil cases approved March 11, 1908, and the resolution of the certiorari in this case depends upon section 3 of the law as amended.

The petitioner appealed from a judgment of the Municipal Court of Río Piedras. The record was certified by both attorneys and filed by the appellant on the 8th of January, 1920, in Section 2 of the District Court of San Juan. There was some parley between the judge of that court and the

attorney for the appellant as to the inclusion of the case in. the calendar of said court. But, be that as it may, on January 28, 1920, the District Court of San Juan, Second Section, transferred the case to the first section. No notice of transfer was given to the appellant and, what is more important, it does not appear that the secretary of the District Court, First Section, entered the case in the docket. On motion of appellee and without notice to appellant the case was dismissed by the district judge under the alleged authority of the Law of 1908 as amended by Law No. 93 of 1919.·

Law No. 93 under discussion makes· section 3 of the amended law read as follows:

"Section 3.—(*a*) The secretary shall enter the cause on the docket of civil actions, notifying the interested parties thereof. The appellant must request the inclusion of the case in the calendar or list of civil cases set for hearing upon the first reading thereof subsequent to the filing of the case. When the case is called for trial on appeal, the court shall, on motion of the appellant, review and consider any preliminary orders, decisions, or rulings by which he considers himself aggrieved. Such ·questions having been determined, the cause shall proceed to trial upon the pleadings, unless by virtue of a demurrer the judge allow the complaint or answer to be amended. The action being thus ready for trial, it shall be prosecuted *de .novo* and shall be governed by all provisions of law and rules of court affecting trials of actions originally. brought in the district court.

"(*b*) In case the appellant fails to solicit the inclusion of ,the action in the calendar, the district judge shall dismiss the action, taxing the costs upon the appellant and the secretary shall immediately. forward the case to the lower court for the execution of the judgment appealed from."

Under the plain terms of this law, before an appellant is bound to ask that the case be included in the calendar· he must first be notified by the secretary that it was placed on the docket.

Both the appellee and the court maintain that the .appellant is only entitled to notice from the secretary on those

occasions when the case is sent up by the secretary of the municipal court and insist that here the case was certified by the attorneys and filed in the second section of the district court by the appellant himself. But we hold that when an appellant hands the transcript on appeal to the secretary of the district court this manual tradition is not equivalent to the entry on the docket by the secretary of the district court. Before the case may be put on the calendar it must first be placed on the docket.

Even, however, if the appellee were right in maintaining that the appellant by filing the case in the second section was not entitled to further notice of the entry in the docket of that court, yet the situation would have been necessarily changed by the action of the judge of that court *sua sponte* transferring the case to the first section. If the literal words of section 3 are not applicable then common sense and analogy require that a notice that the case has reached the docket of the first section should be given to the appellant. The law does not speak as the court and appellee seem to think of the "filing" or delivering (*radicando*) of the transcript on appeal, but it speaks of entering the cause on the docket. The difference between "entering" and of the secretary having papers in his possession is made very manifest by our decision in the case of *Gandía v. Trías et al., ante,* p. 152.

There is nothing in this record which shows that the dismissal of the appeal was due to any failure of the appellant to pay the fees on filing the transcript, but solely because of his failure to include the case in the calendar, and perhaps then not paying the fees required by law.

If the appellee were right in his main contention then perhaps it was unnecessary legally to notify appellant of the motion to dismiss. However, in doubtful cases it is much better practice to give the notice.

After the case was dismissed the appellant filed a motion for reconsideration which he in turn did not notify to the·

appellee.   Likewise, it would have been better practice to give such a notice.   The court seems to think that this failure of notice made it imperative on it not to consider the motion for reconsideration.   The court, however, had a discretion and might have required appellant to notify the appellee.

The order of the district court, first section, dismissing the action, must be annulled and the case sent back for further proceedings.

*Reversed and remanded.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.